Ravinder SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–75450.

United States Court of Appeals, ' Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 20, 2007.

TSZ–Hai Huang, Rai & Associates, PC, San Francisco, CA, for Petitioner.

John R. Kresse, Esq., Stephen J. Flynn, Esq., U.S. Department of Justice, Civil Division, Mark C. Walters, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Ravinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision that adopted and affirmed most of the Immigration Judge's ("IJ") decision that denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evi-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding because Singh failed to credibly establish his identity, *see Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (an applicant's eligibility for asylum depends on the credible establishment of his identity), and he failed to provide non-duplicative, material, easily-available corroborating evidence in support of his identity, *see Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000). Therefore, substantial evidence supports the IJ's denial of Singh's asylum claim. *See Li,* 378 F.3d at 964.

Because Singh failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Farah,* 348 F.3d at 1156.

Singh's CAT claim is based on the same testimony that the IJ found not credible. Because Singh points to no other evidence that the IJ should have considered in making its CAT determination, substantial evidence supports the IJ's denial of CAT relief. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.